UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BEATRICE AMADI, MELANIE SCALA
and ROSA PEREZ,

    Plaintiffs,

v.                                                      Case No: 8:17-cv-2191-T-02JSS

ACE HOMECARE, LLC and JOY
BARLAAN,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Plaintiffs' Second Motion for Default Judgment Against Ace Homecare, LLC. (Dkt. 24). For the reasons set forth below, the Court recommends that Plaintiffs' motion be denied, that Plaintiffs' Complaint be dismissed without prejudice, and that Plaintiffs be granted leave to file an amended complaint.

### BACKGROUND

On September 21, 2017, Plaintiffs filed a Complaint against Defendants, Ace Homecare and Joy Barlaan, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, the Florida Minimum Wage Act ("FMWA"), Fla. Stat. § 448.110, and claims of unjust enrichment and quantum meruit. (Dkt. 1.) Defendants were timely served with the Complaint on September 22, 2017, and proof of service was filed with this Court. (Dkt. 8.) After Defendants failed to answer the Complaint or defend this action, Plaintiffs, on July 23, 2018, filed a Motion for Default as to both Defendants. (Dkt. 16.) The Clerk of the Court entered defaults against each Defendant on July 24, 2018. (Dkts. 17, 18.)

Plaintiffs now move for default judgment against Ace Homecare and request: (1) $6,367.31 in damages to Beatrice Amadi, which represents $5,063.07 in unpaid wages, $241.64 in unpaid mileage, and $1,062.60 in liquidated damages; (2) $17,515.20 in damages to Melanie Scala, which represents $8,663.54 in unpaid wages, $7,515.36 in unpaid vacation, and $1,336.30 in liquidated damages; and (3) $10,003.75 in damages to Rosa Perez, which represents $8,350.40 in unpaid wages, $365.35 in unpaid mileage, and $1,288.00 in liquidated damages. (Dkt. 24 at 12.) Plaintiffs also seek an award of $6,245.00 in attorneys' fees and costs as the prevailing party in this case. (Dkt. 24 at 12.) To date, Defendants have not appeared in this case, and no response or defense to this action has been filed.

**APPLICABLE STANDARDS**

When a party fails to plead or otherwise defend a judgment for affirmative relief, the clerk of the court must enter a default against the party against whom the judgment was sought. Fed. R. Civ. P. 55(a); *see also* Fed. R. Civ. P. 12(a)(1)(A)(i) (providing that a defendant must serve an answer within twenty-one days after being served with the summons and complaint). Because of the "strong policy of determining cases on their merits," however, default judgments are generally disfavored. *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). "[W]hile a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact, he is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005) (alteration omitted) (quotation marks omitted). Entry of default judgment is only warranted when there is "a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

The Eleventh Circuit has interpreted the standard to obtain a default judgment "as being akin to that necessary to survive a motion to dismiss for failure to state a claim." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015); *see also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) ("[A] default judgment cannot stand on a complaint that fails to state a claim."). When evaluating a motion to dismiss, a court looks to see whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)). This plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965).

## ANALYSIS

In this wage and hour case, Plaintiffs allege that Defendants employed them as healthcare professionals but failed to pay each Plaintiff for any work performed on or after February 26, 2016. (Dkt. 1, ¶¶ 22-24.) Count I of the Complaint alleges that Defendants' failure to pay Plaintiffs' wages violates the FLSA. (Dkt. 1, ¶¶ 45–49.) Counts II through IV allege violations of Florida law. (Dkt. 1, ¶¶ 60-77.)

A plaintiff claiming unpaid wages under the FLSA must demonstrate the following: (1) the defendant employed the plaintiff; (2) the plaintiff is covered by the FLSA; and (3) the defendant failed to pay the plaintiff a minimum wage or overtime compensation. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008). For an employee to be covered by the FLSA, the employee must either be employed by "an enterprise engaged in commerce" (enterprise coverage) or the employee himself must be "engaged in commerce or the production of goods for

commerce" (individual coverage).  *See* 29 U.S.C. § 206; *see also Dunlop v. Indus. America Corp.*, 516 F.2d 498, 500-01 (5th Cir. 1975); *Russell vs. Continental Restaurant, Inc.*, 430 F. Supp. 2d 521, 524 (D. Md. 2006).  The FLSA defines "commerce" as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof."  29 U.S.C.  § 203(b).  The Eleventh Circuit has reiterated that the FLSA is intended only to regulate activities that constitute interstate commerce, "not activities merely affecting commerce."  *Thorne v. All Restoration Services, Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006).

Here, Plaintiffs' Complaint does not include allegations that would support a reasonable inference that Plaintiffs are covered by the FLSA.  The Complaint identifies Plaintiffs as healthcare professionals employed by Defendant Ace Homecare, a Florida corporation organized and headquartered in Florida.  (Dkt. 1, ¶¶ 6-10.)  However, Plaintiffs have not alleged that Ace Homecare was an enterprise engaged in interstate commerce or that Plaintiffs themselves were engaged in interstate commerce or the production of goods for interstate commerce.  Specifically, Plaintiffs have not alleged how Defendants' healthcare business or Plaintiffs' duties as healthcare professionals relate to interstate commerce.  *See, e.g.*, *Sciacca v. Vectorworks Marine, LLC*, No. 6:12-CV-1255-ORL-28, 2013 WL 656325, at *2 (M.D. Fla. Feb. 1, 2013), *report and recommendation adopted* 2013 WL 655402 (M.D. Fla. Feb. 22, 2013) ("[W]here the plaintiff-employee fails to provide any factual allegations about the nature of his work and its connection to interstate commerce, or the nature of the employer's business . . . the complaint is deficient and it must be dismissed with leave to amend.").  In addition, while the Complaint identifies Plaintiffs as "employee[s] as defined under the FLSA," and Defendants as "employer[s] as defined under the FLSA," the FLSA does not define either "employee" or "employer" as entities necessarily

engaged in interstate commerce. *See* 29 U.S.C. § 203(d)-(e) (defining "employer" and "employee"). Thus, the Court is unable to determine whether the allegations in Count I of Plaintiffs' Complaint, if accepted as true, establish violations of the FLSA.

When a motion for default judgment is denied due to deficiencies in the complaint, dismissal of that complaint is warranted because any future motion for default judgment would be based on a deficient complaint. *See Houston v. Fifo, Inc.*, No. 6:17-cv-1082-Orl-37DCI, 2018 WL 1325029 at * 3 (M.D. Fla. Mar. 15, 2018) ("[T]he Court does not agree that [p]laintiff should be granted leave to file another motion for final default and for injunctive relief because any such motion would be premised on [p]laintiff's deficient defaulted [c]omplaint."). Courts in the Middle District of Florida, however, have provided leave to amend the complaint in such situations. *See, e.g.*, *Longhini v. Lakeside Operating P'ship, L.P.*, No. 617CV1651ORL31GJK, 2018 WL 4101003, at *5 (M.D. Fla. Aug. 3, 2018), *report and recommendation adopted*, No. 617CV1651ORL31GJK, 2018 WL 4092117 (M.D. Fla. Aug. 28, 2018); *Brito v. 4018 W. Vine St. LLLP*, 6:18-cv-177-Orl-41TBS, 2018 WL 3370672, at * 2 (M.D. Fla. May 30, 2018). The Court therefore recommends that Plaintiffs be granted leave to amend their Complaint.

Accordingly, it is

**RECOMMENDED**:

1. Plaintiffs' Second Motion for Default Judgment Against Ace Homecare, LLC, Only (Dkt. 24) be **DENIED**; and

2. Plaintiffs' Complaint (Dkt. 1) be **DISMISSED**; and

3. Plaintiffs be granted leave to file an amended complaint.

**IT IS SO REPORTED** in Tampa, Florida, on November 20, 2018.

*[signature]*
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
Counsel of Record