**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**BEATRICE AMADI,**
**MELANIE SCALA, and**                    **CASE NO: 8:17-cv-02191-WFJ**
**ROSA PEREZ,**

    **Plaintiffs,**
**v.**

**ACE HOMECARE, LLC, and**
**JOY BARLAAN,**

    **Defendants.**
_____/

**PLAINTIFFS' MOTION TO STAY PROCEEDINGS**
**AS TO DEFENDANT JOY BARLAAN ONLY**

Plaintiffs, Beatrice Amadi, Melanie Scala, and Rosa Perez ("Plaintiffs"), pursuant to the Federal Rules of Civil Procedure and Local Rule 3.01, by and through undersigned counsel, hereby file this Motion to Stay Proceedings as to Defendant Joy Barlaan Only, and in support states as follows:

**FACTUAL BACKGROUND**

1. On September 21, 2017, Plaintiffs, filed their initial Collective Action and Class Action Complaint against Ace Homecare, LLC ("Ace Homecare") and Joy Barlaan ("Ms. Barlaan) (collectively "Defendants"). Doc. 1.

2. On September 22, 2017, Ace Homecare was served with a true copy of the Summons in a Civil Action, Collection Action and Class Action Complaint, and Exhibits. Doc. 8. On October 5, 2017, Ms. Barlaan was served with a true copy of the Summons in a Civil Action, Collection Action and Class Action Complaint, and Exhibits. Doc. 7.

1

3. On July 24, 2018, the Court issued the Clerk's Entry of Default against Defendants. Doc. 17 and Doc. 18.

4. On September 20, 2018, the Court issued an Order informing Plaintiffs for the first time that is appeared Ms. Barlaan had filed bankruptcy. Doc. 23.

5. Therefore, on October 2, 2018, Plaintiffs filed their Second Motion for Default Judgement against Ace Homecare, LLC, Only. Doc. 24.

6. On November 20, 2018, this Court issued a Report and Recommendation, denying Plaintiffs' Second Motion for Default Judgement Against Ace Homecare, LLC, dismissing Plaintiffs' Civil Action and Class Action Complaint, and granted leave to file an amended complaint. Doc. 27.

7. On December 5, 2018, Plaintiffs filed their Amended Complaint. Doc 28.

8. Now, Plaintiff respectfully request that this Court stay proceedings against Ms. Barlaan only pending resolution of her bankruptcy case.

## **MEMORANDUM OF LAW**

"It is well-established that district courts have inherent authority to issue stays in many circumstances." *Trembath v. Meritplan Ins. Co.*, No. 8:09-cv-1110-T-17TGW, 2009 WL 2147112, at *1 (M.D. Fla. July 16, 2009) (citing *Oretga Trujillo v. Conover & Co. Comms. Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000)). In determining whether a stay is appropriate, courts examine several factors: (1) the interest of the plaintiff in proceeding expeditiously with the civil action as balanced against the prejudice to the plaintiff from delay; (2) the burden on defendant; (3) the convenience to the courts; (4) the interest of persons not parties to the civil litigation; and (5) the public interest. *Zanghi v. FreightCar Am., Inc.*, 38 F. Supp. 3d 631, 642 (W.D. Pa. 2014); *see also Freedom Sci., Inc. v. Enhanced Vision Sys.*, No. 8:11-CIV-1194-T-17-AEP, 2012 U.S. Dist. LEXIS 11410, at *2 (M.D. Fla. Jan. 31, 2012) (examining whether a stay will (1) unduly prejudice or tactically disadvantage the non-

moving party; (2) simplify the issues and streamline the trial; and (3) reduce the burden of litigation on the parties and on the court). "Stays of proceedings can also promote judicial economy, reduce confusion and prejudice, and prevent possibly inconsistent resolutions." *Boise v. Ace USA, Inc.*, No. 15-21264, 2015 WL 4077433, at *2 (S.D. Fla. July 6, 2015).

Here, Plaintiff would not be unduly prejudiced or tactically disadvantaged and Defendants would not be burdened by staying this proceeding as to Ms. Barlaan only, pending the resolution of her bankruptcy case. Further, staying this proceeding against Ms. Barlaan only would not create a tactical disadvantage to Defendants, who have not appeared, and would reduce unnecessary cost, fees, and burdens on the parties and on the court.

## CONCLUSION

WHEREFORE, for the reasons stated herein, Plaintiffs respectfully requests that the Court grant Plaintiffs' Motion to Stay Proceedings as to Defendant Joy Barlaan Only, and grant any further relief the Court deems just and appropriate.

Dated: December 10, 2018                    Respectfully Submitted,

**CENTRONE & SHRADER, PLLC**
612 W. Bay Street
Tampa, Florida 33606
Phone:  (813) 360-1529
Fax:      (813) 336-0832

/s/ Gus M. Centrone, Esq.
**BRIAN L. SHRADER, ESQ.**
Florida Bar No. 57251
e-mail: bshrader@centroneshrader.com
**GUS M. CENTRONE, ESQ.**
Florida Bar No. 30151
e-mail: gcentrone@centroneshrader.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2018 a true and correct copy of the foregoing was filed with the Clerk of Court for the United States District Court for the Middle District of Florida through the CM/ECF system that will give notice to all parties of record.

/s/Gus M. Centrone
Attorney