# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

BEATRICE AMADI,
MELANIE SCALA, and
ROSA PEREZ,

     Plaintiffs,

v.                                                                  Case No. 8:17-cv-02191-T-02JSS

ACE HOMECARE, LLC and
JOY BARLAAN,

     Defendants.

_____/

## ORDER

     This wage and hour case comes to the Court on Plaintiffs' Motion for Default

Judgment as to Amended Complaint Against Ace Homecare, LLC, Only. Dkt. 33.

Defendant Ace Homecare ("Ace") has not responded. The Court GRANTS

Plaintiffs' motion.

## BACKGROUND

     Defendant Barlaan is the Chief Executive Officer of Ace, a home healthcare

company organized and headquartered in Florida. Dkt. 28 ¶¶ 2, 9. Plaintiffs were

employed at Ace as healthcare professionals. *Id*. ¶ 11. On February 26, 2016,

Defendants stopped paying Plaintiffs for their work. *Id.* ¶ 12. Plaintiffs continued to work "on the promise that Defendants would later pay Plaintiffs for the work performed." *Id.* ¶ 13. Defendants did not.

On September 21, 2017, Plaintiffs filed their original Complaint against both Defendants with summonses issued on the same day. Dkts. 1-3. Ace, which was served on September 22, 2017, has not made an appearance in the case or sought an extension of time to respond to the Complaint. The Clerk of Court entered default against both Defendants on July 24, 2018. Dkts. 17, 18.

On September 6, 2018, Plaintiffs moved for default judgment against Defendants. Dkt. 21. That motion was denied without prejudice because Defendant Barlaan had filed for bankruptcy. Dkt. 23. In adopting the Magistrate Judge's report and recommendation, Dkt. 27, the Court denied the second motion for default judgment against Ace because the Complaint failed to demonstrate how the employing business related to interstate commerce. Dkt. 29. Plaintiffs have since amended their Complaint, Dkt. 28, and have once more moved for default judgment against Ace. Dkt. 33. Ace has still not appeared in the case.

Plaintiffs bring five counts against Ace: (I) violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219; (II) violations of the Florida Minimum Wage Act ("FMWA"), Fla. Stat. § 448.110; (III) violations of Article X, Section 24 of the Florida Constitution; (IV) unjust enrichment; and (V) quantum

meruit. Dkt. 28 at 6-9. Plaintiffs seek (1) $6,367.31 in damages to Plaintiff Amadi, which represents $5,063.07 in unpaid wages, $241.64 in unpaid mileage, and $1,062.60 in liquidated damages; (2) $17,515.20 in damages to Plaintiff Scala, which represents $8,663.54 in unpaid wages, $7,515.36 in unpaid vacation time, and $1,336.30 in liquidated damages; and (3) $10,003.75 in damages to Plaintiff Perez, which represents $8,350.40 in unpaid wages, $365.35 in unpaid mileage, and $1,288.00 in liquidated damages. *Id.* at 3-5. Plaintiffs also seek $6,245.00 in attorney's fees and costs. Dkt. 33 at 10-12.

## LEGAL STANDARD

When a party fails to plead or otherwise defend a judgment for affirmative relief, the clerk of the court must enter a default against the party against whom the judgment was sought. Fed. R. Civ. P. 55(a); *see also* Fed. R. Civ. P. 12(a)(1)(A)(i) (providing that a defendant must serve an answer within twenty-one days after being served with the summons and complaint). "[W]hile a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact, he is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005) (alteration and quotation marks omitted). Entry of default judgment is only warranted when there is "a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

The Eleventh Circuit has interpreted the standard to obtain a default judgment "as being akin to that necessary to survive a motion to dismiss for failure to state a claim." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015); *see also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) ("[A] default judgment cannot stand on a complaint that fails to state a claim."). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). This plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

## DISCUSSION

The Court finds that there is a sufficient basis in the pleadings for default judgment as to liability. On default judgment, the Court determines the amount and type of damages awarded. *Isaula v. Chicago Rest. Group, LLC*, No. 13-CV-24387-JLK, 2014 WL 3477917, at *1 (S.D. Fla. July 11, 2014) (citation omitted). A plaintiff's affidavit may constitute sufficient evidence to show the amount and extent of the work performed. *See, e.g.*, *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 682 (M.D. Fla. 2008).

Here, the Court can rely on Plaintiffs' affidavits. Plaintiffs state their last paycheck from Ace was received on February 26, 2016, and that they worked through March 25, 2016 without compensation. Dkt. 33-1 at 3-4, 6. Plaintiff Amadi states she worked for $30.00 per weekday visit to patients and $35.00 per weekend visit, and after March 14, 2016 at $24.04 per hour. Dkt. 33-1 at 2. She approximates her unpaid wages at $5,063.07. *Id.* at 3. Defendants moreover agreed to pay her work-related mileage of 543 miles at $.445 per mile, totaling $241.64. *Id.*

Plaintiff Scala worked 166 hours at $52.19 per hour, totaling $8,663.54 in unpaid wages. Dkt. 33-1 at 4. She is also owed 144 unused vacation hours and sick time to total $7,515.36. *Id.* at 5. Plaintiff Perez worked 160 hours at $52.19 per hour, totaling $8,350.40 in unpaid wages. *Id.* at 6. Defendants moreover agreed to pay her work-related mileage of 821 miles at $.445 per mile, totaling $365.35. *Id.* at 7.

In the absence of a good faith showing by Ace, Plaintiffs are also due liquidated damages in an amount equal to actual damages under the FLSA and FMWA. *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1272 (11th Cir. 2008); *see also* Fla. Stat. § 448.110(6)(c)(1). Plaintiffs request, and are granted, liquidated damages in the amount of $1,062.60 to Plaintiff Amadi, $1,336.30 to

Ms. Scala, and $1,288.00 to Ms. Perez. This represents Plaintiffs' uncompensated hours of work multiplied by Florida's 2016 minimum wage of $8.05 per hour.

Plaintiffs lastly seek attorney's fees. In FLSA actions, successful plaintiffs are entitled to an award of "a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b); *see also* Fla. Stat. § 448.110(6)(c)(1). A plaintiff whose motion for default judgment has been granted is a prevailing party. *See, e.g.*, *McMillan v. Masrtech Grp., Inc.*, No. 8:13-CV-1520-MSS-35, 2014 WL 4297905, at *6 (M.D. Fla. Aug. 28, 2014) (citation omitted). To set a reasonable fee award in an FLSA case, courts use the lodestar approach. *Padurjan v. Aventura Limousine & Transp. Serv., Inc.,* 441 F. App'x. 684, 686 (11th Cir. 2011). Courts determine the amount by multiplying a reasonable hourly rate for counsel's services by the number of hours reasonably expended on the litigation. *Id.*; *see also Norman v. Housing Authority of the City of Montgomery,* 836 F.2d 1292, 1299 (11th Cir. 1988).

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar service by lawyers of reasonably comparable skills, experience and reputation." *Norman*, 836 F.2d at 1299 (citation omitted). With respect to hourly rates, the Court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses

as to value." *Id*. at 1303 (citation omitted). After determining the reasonableness of the hourly rate, the Court must next determine the reasonableness of the hours expended.[1] *Id*. at 1301.

Having reviewed the provided documents, the Court finds that the hourly rate and duration of hours expended are reasonable, and that no adjustment is necessary. *See, e.g.*, *Eason v. Bridgewater & Assocs., Inc.*, 108 F. Supp. 3d 1358, 1364 (N.D. Ga. 2015). Ace offers no argument to the contrary. The Court further orders $6,245.00 in attorney's fees and costs. This represents: 3.3 hours of work by Gus Centrone and 1.9 hours by Brian Shrader at $375.00 per hour; 6.8 hours by Alexander Licznerski at $250.00; 4.3 hours by Katherine Earle Yates at $400.00; 3.7 hours by Brandon K. Breslow at $250.00; and a $400 court filing fee paid by counsel. Dkt. 33-2 at 3, 5.[2]

---

[1] Plaintiffs' counsel points out that it does not seek fees incurred from the time of the prior motion for default judgment. Dkt. 33 at 11, n.2.

[2] Though counsel suggests the total amount of attorney's fees and costs incurred by one of the firms was $3,600, Dkt. 33-2 at 3, the Court calculates the total at $4,050. In any event, the Court awards the total number requested, $6,245.00.

# CONCLUSION

The Court GRANTS Plaintiffs' motion for default judgment against only Defendant Ace Homecare, LLC. Dkt. 33. There being no just reason for delay, consistent with Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is directed to enter final judgment in favor of Plaintiffs against Defendant Ace Homecare, LLC on the Amended Complaint. Dkt. 28. Plaintiff Amadi is due $6,367.31. Plaintiff Scala is due $17,515.20. Plaintiff Perez is due $10,003.75. Plaintiffs are also awarded attorney's fees and costs in the amount of $6,245.00.

**DONE AND ORDERED** at Tampa, Florida, on March 28, 2019.


*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**


<u>**COPIES FURNISHED TO:**</u>
Counsel of Record